# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:18CR00025-1 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **SHAWN WAYNE FARRIS,** ) | Judge James P. Jones |
| ) | |
| Defendant. ) | |

*S. Cagle Juhan, Assistant United States Attorney, Charlottesville, Virginia, for United States; Shawn Wayne Farris, Pro Se Defendant.*

Shawn Wayne Farris, a federal inmate sentenced by this Court, has filed pro se motions seeking to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 2255, respectively. For the following reasons stated below, the defendant's motions will be denied.

I.

The defendant was sentenced on March 6, 2020, to a term of incarceration of 360 months, following his guilty plea to conspiring to possess with intent to distribute and distributing 500 gram or more of methamphetamine. There was no plea agreement. His direct appeal was unsuccessful. *United States v. Williams*, 19 F.4th 374 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 1392 (2022).

In his timely filed motions and accompanying correspondence Farris argues that appellate counsel did not appear at an oral argument (Ground I), appellate

counsel failed to challenge an unspecified enhancement he received for a California conviction (Ground II) and his leadership role in the conspiracy for which he was convicted (Ground III), he was improperly sentenced as a career offender (Ground IV), and the court should reconsider its determination to not grant a variance for the "Ice Enhancement." (Ground V). Grounds I through III are most properly characterized as § 2255 claims, while Grounds IV and V are § 3582 claims.

## II.

To state a claim for relief under § 2255, a federal defendant must prove that one of the following occurred: (1) his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such a sentence"; or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In a § 2255 Motion, the defendant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). Vague and conclusory statements are insufficient for relief under § 2255. *United States v. Smith*, No. 1:06CR00049, 2008 WL 5412427, at *2 (W.D. Va. Dec. 29, 2008).

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a defendant must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*,

466 U.S. 668, 687 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 687–88. Second, to show prejudice, the defendant must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. Id. at 694–95.

Ground I alleges ineffective assistance of counsel because the defendant's attorney did not present his case at the appellate oral argument. Prejudice is presumed when a defendant is left "entirely without the assistance of counsel on appeal." *Penson v. Ohio*, 488 U.S. 75, 88 (1988). In fact, however, Farris and three codefendants presented a common ground on appeal — the imposition of the "ice" methamphetamine enhanced sentencing guideline. One of the defense attorneys was granted the right to present oral argument for all appellants on that ground. *Williams*, at 376. Thus, Farris was not left entirely — or even somewhat — without counsel at the time of appellate review.

Ground II alleges ineffective assistance of counsel because at oral argument his appellate counsel failed to challenge an unspecified enhancement relating to crimes committed in California. This contention was not presented at sentencing, Sent'g Tr. 3–5, ECF No. 1127, but in any event, it appears to refer to a shoplifting charge that, if recalculated to subtract two criminal history points, would demonstrate harmless error because his total offense level would be unchanged and

still carry the recommended sentence of 360 months to life. Presentence Investigation Report ¶¶ 386–88, ECF No. 986; U.S. Sent'g Guidelines Manual Ch. 5 Pt. A (2021).

Ground III alleges ineffective assistance of counsel because the defendant's appellate counsel did not challenge his four-point enhancement for being a leader in the criminal conspiracy. In a vacuum, this would be the strongest argument against having a codefendant's counsel represent him on appeal in a consolidated case.

However, it is unavailing here. The probability of demonstrating grounds for a factual reversal on plain error review is low, particularly with the degree of confidence in the factual finding that the defendant was a leader in the conspiracy at the trial level. Sent'g Tr. 34, ECF No. 1127 ("I don't think there's any question that Mr. Farris can be characterized as the leader of this conspiracy and thus responsible for these multiple pounds of methamphetamine that were distributed in the region."); *Washington v. United States*, 291 F. Supp. 2d 418, 441 (W.D. Va. 2003) (noting that the choice of themes for an argument is a strategic consideration that the reviewing court "should accord substantial deference."). Accordingly, Ground III, like grounds I and II, is insufficient to state an ineffective assistance of counsel claim.

### III.

The governing statute for compassionate release claims provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a


reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A). The Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant, including the length and disparateness of the sentence. Even if the court finds an extraordinary and compelling reason, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).

    The defendant's complaint, construed liberally, contends that his sentence should be reduced in light of an alleged mistaken career offender status (Ground IV) and a failure to consider ice methamphetamine sentencing guidelines (Ground V), presumably referencing policy arguments previously rejected by the Fourth Circuit that, if true, would result in a disparate sentence with current sentencing standards and would qualify as an extraordinary and compelling circumstance. *Williams*, 19 F.4th at 383–84 & n.4 (describing the appellants' policy arguments as "meritless"). Moreover, he was not sentenced as a career offender and the court will adhere to the Fourth Circuit's rejection of the defendant's policy arguments.

    Considering the foregoing, I find that the defendant is not qualified for such extraordinary relief.

-6-

IV.

Accordingly, it is **ORDERED** that the Motion to Dismiss, ECF No. 1429, is GRANTED and the Motion for Compassionate Release and the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF Nos. 1395, 1398, 1402, 1403, and 1405, are DENIED.

ENTER: October 26, 2023

/s/  JAMES P. JONES
Senior United States District Judge